IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| NICOLE LANGER, | ) |
| | ) |
| Plaintiff | ) 1:25-CV-00111-SPB |
| | ) |
| vs. | ) JUDGE SUSAN PARADISE BAXTER |
| | ) UNITED STATES DISTRICT JUDGE |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

I. INTRODUCTION

On March 24, 2025, Plaintiff Nicole Langer ("Plaintiff") initiated this action by filing a complaint in the Court of Common Pleas of Erie County, Pennsylvania, against Defendant State Farm Mutual Automobile Insurance Company ("Defendant"), alleging claims of breach of contract and statutory bad faith pursuant to 42 Pa. C.S. § 8371.[1] ECF No. 1-2. The Complaint itself does not specify an amount of damages and instead states that the specific value of each claim "will be proven at trial." *Id.* at pp.8-10. Along with her Complaint, Plaintiff filed a Civil Cover Sheet in the Court of Common Pleas, on which she indicated that the amount in

---

[1] "In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer." 42 Pa. Stat. and Consol. Stat. Ann. § 8371 (West).

1

controversy exceeded $50,000 and was outside arbitration limits. *Id.* at 2-3. Defendant subsequently removed the action to this federal court on April 25, 2025. ECF No. 1.

On April 29, 2025, Plaintiff filed the instant Motion to Remand, arguing that the amount in controversy required for diversity jurisdiction had not been met.[2] ECF No. 4. Defendant opposes Plaintiff's motion. ECF No. 9. Attached to Defendant's brief is a copy of an email exchange between the parties wherein Defendant asked Plaintiff to stipulate to a damages cap of $75,000 in exchange for consent to remand; Plaintiff refused. *Id.*, Exhibit A. Subsequently, Plaintiff filed a reply brief. ECF No. 11. The issue is now ripe for consideration.

II.  **LEGAL STANDARD**

A civil action filed in a state court that would have also had original jurisdiction in federal court may be properly removed to federal court under 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ...." 28 U.S.C. § 1332(a)(1). The governing burden of proof standard for removal cases is that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir.2007). The burden on the defendant is heavy, as removal is "strictly construed," and doubts about removal are "resolved in favor of remand." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

---

[2] Complete diversity of citizenship is undisputed by the parties.

2

III. <u>DISCUSSION</u>

Typically, courts will determine the amount in controversy by looking at the value demanded by the plaintiff in the complaint. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014); 28 U.S.C. § 1446(c)(2). However, when a plaintiff has not asserted a specific value for damages in their complaint, the court must turn to the amount proposed in the defendant's notice of removal. *Id.* An amount in controversy asserted in a notice of removal can satisfy the requirement for original jurisdiction under § 1332 "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds" the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2). *Barbato v. Progressive Specialty Ins. Co.*, 2021 WL 3033863, at *1 (M.D. Pa. July 19, 2021).[3] In meeting this burden, the defendant must propose a realistic estimation of the amounts recoverable, supported by the record. *Lasher v. Statoil USA Onshore Prop., Inc.*, 2018 WL 1524881, at *2 (M.D. Pa. 2018). If, after reading a defendant's notice of removal, "the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." *Dorley v. Save-a-Lot*, 2016 WL 6213074, at *2 (E.D. Pa. Oct. 25, 2016).

Here, State Farm, upon removing the case to federal court, should have clearly identified the value of its proposed damages. It did not, as the Notice of Removal is devoid of any empirical or substantive basis for its value of this case, and the Court has been left to guess. ECF No. 1. Defendant's brief in opposition to Plaintiff's motion to remand is similarly lacking any specific assertion or calculation of damages, but argues generally that "the uncapped availability of both punitive damages and attorney's fees alone satisfies the defendant's burden of proving diversity jurisdiction." ECF No. 9, p. 1. The Court rejects this approach because "speculative

---

[3] The preponderance of evidence standard equates to showing proof to a reasonable probability (that jurisdiction exists). *Frederico*, 507 F.3d at 195.

arguments as to the punitive damages a party could recover are generally insufficient to establish subject matter jurisdiction." *Saunders v. Esurance Ins. Services, Inc.*, 2024 WL 2060496, at *2 (W.D. Pa. May 8, 2024).

Defendant's argument is built largely upon references to precedential cases where damages from a bad faith claim have exceeded the jurisdictional threshold, illustrating that damages surpassing $75,000 are surely possible. The Court finds little efficacy in this strategy when the merits of the case at hand have not also been illustrated. Surely, "*any* claim could conceivably be worth more than $75,000," but establishing the mere possibility of this is not the same as meeting the heavy burden of proof. *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 348 (D.N.J. 2010) (emphasizing that the removing party must prove that the minimum jurisdictional standard has been met beyond a preponderance of the evidence because, "Even a contract obligation worth tens or hundreds of dollars could, if breached, conceivably produce more than $75,000 in consequential (or "special") damages.")

Within Defendant's argument regarding the availability of punitive damages, it cites to a number of cases involving bad faith claims where minimal compensatory damages have been awarded, yet appellate courts have upheld significant punitive damages awards. *See e.g., Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 238 (3d Cir. 2005) (Punitive damage award of $150,000 upheld on $2,000 claim.). Similarly, this goes to show that an award of damages above the jurisdictional threshold is possible, but does not point to any facts that will show, by a preponderance of the evidence, that the merits of the case at hand will produce a similar result. Further, courts within this District have held that "punitive damages will generally satisfy the amount in controversy requirement" only when the applicable legal standard is that of "legal

certainty," which is not the standard used in this case. *Scaife v. CSX Transportation, Inc.*, 2019 WL 3353727, at *7 (W.D. Pa. July 25, 2019).

In fact, a number of Defendant's supporting cases utilize this "legal certainty" standard, which instead places the burden of proof on the plaintiff. *See e.g., Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 664 (W.D. Pa. 2012); *Barbato*, 2021 WL 3033863, at *3; *Valley v. State Farm Fire and Cas. Co.*, 504 F. Supp. 2d 1, 5 (E.D. Pa. 2006). However, the Court does not apply the legal certainty standard here because, "at the current early posture of this case, before any dispositive motions have been filed, and before any discovery has occurred, there have been no determinations of fact." *Hornberger v. State Farm Mut. Automobile Ins. Co.*, 2023 WL 6121168, at *3 (W.D. Pa. Sept. 19, 2023); *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). These cases do not provide effective parallels because they arose in different stages of litigation and were decided under a different standard.

As Defendant points out, courts within this Circuit have sometimes taken a plaintiff's refusal to cap damages at $75,000 into consideration in deciding whether that plaintiff's claim meets the federal jurisdictional minimum. *See, e.g., Barbato*, 2021 WL 3033863, at *3 (denying Plaintiff's motion to remand after "considering plaintiff's refusal to cap damages at $75,000."). However, a plaintiff's refusal to cap damages is not dispositive; "While a plaintiff's failure to stipulate might provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of § 1332 jurisdiction." *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) (ordering both parties to submit additional evidence and briefing regarding the true amount in controversy before ruling on removal). *See also Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013) ("...Refusal to so stipulate is also insufficient to demonstrate original jurisdiction.").

Moreover, this Court has decided that when a plaintiff checks the box on a state court's Civil Cover Sheet indicating a demand amount of $50,000, so as to fall outside of compulsory arbitration limits, this "proves nothing about the actual amount in controversy" and "amounts to little more than boilerplate." *Saunders*, 2024 WL 2060496, at *2, *citing Shygelski v. Allstate Fire & Cas. Ins. Co.*, 2016 WL 1463774, at *2 n.2 (M.D. Pa. Apr. 14, 2016).

In this case, Plaintiff's refusal to cap damages at $75,000 and her choice to request damages over $50,000 on her state court Civil Cover Sheet are not indications that the true value of this case is greater than $75,000. These actions may have been considered to bolster Defendant's position, had it presented a merits-based argument that the true value of this case is greater than $75,000, which it did not. Alone, Plaintiff's refusal to cap damages and her "boilerplate" checking of a box on the Civil Cover Sheet do not demonstrate that the jurisdictional minimum amount in controversy has been met by a preponderance of the evidence.

As this Court recently concluded: "As stated above, the Court cannot be left to guess the potential damages and costs of the case. Nor does the Court believe attorney negotiations or the case filing in [Erie] County to be persuasive in determining the amount in controversy. The Court finds that [Defendant] has not satisfied its burden by a preponderance of the evidence that the amount in controversy is greater than $75,000." *Hornberger*, 2023 WL 6121168, at *4.

IV.  CONCLUSION

Having found Defendant State Farm did not establish federal jurisdiction by a preponderance of the evidence, Plaintiff's Motion to Remand to state court [ECF No. 4] will be GRANTED.

An appropriate Order follows.